## Life Estate

*H. Stanley Rebert, district attorney,* for petitioner.

*Arthur D. Weeks and Richard K. Renn,* for executrix.

MILLER, *J.,* March 18, 1988 — This matter is before the court on the petition of H. Stanley Rebert, district attorney of York County, asking the court, on behalf of the Commonwealth of Pennsylvania, to revoke the letters testamentary granted on October 5, 1987 by the register of wills of York County in the above estate to Anna E. Smith. After the issuance of a citation upon her, the said executrix has challenged the standing of the district attorney to seek such a revocation.

The basis which underlies the district attorney's petition is section 8801 of the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. §8810 et seq., known as the Slayers Act. That act provides in essence that no slayer shall in any way acquire any property or receive any benefits as a result of the death of decedent.

On October 1, 1987, Cassandra K. Life was found dead in the home of two of her sisters, one of whom was Anna E. Smith, the executrix of decedent's estate. On December 1, 1987, a coroner's jury made a determination that Cassandra K. Life came to her death due to unnatural causes through the intentional and unlawful conduct of two of her sisters, one of whom was Anna E. Smith, executrix.

The duties of the district attorney are set forth in 16 P.S. §1402(a):

"The district attorney shall sign all bills of indictment and conduct in court all criminal and other

prosecutions, in the name of the commonwealth, or, when the commonwealth is a party, which arise in the county for which he is elected, and perform all the duties which, prior to May 3, 1850, were performed by deputy attorneys general. The duties herein conferred shall be in addition to all other duties given to the said district attorney by other statutes."

It is clear that the so-called Slayers Act is civil in nature, and not criminal. Section 8815 of the Probate, Estates and Fiduciaries Code provides:

"This chapter (Slayers Act) shall not be considered penal in nature, but shall be construed broadly in order to effect the policy of this state that no person shall be allowed to profit by his own wrong, wherever committed." The district attorney argues that the commonwealth has an interest in protecting the pecuniary interests of decedent's heirs, and that the broad construction mandated by the Slayers Act should be sufficient to permit him to maintain the present action.

Since the maintaining of a petition such as the one now before the court is clearly not a "criminal prosecution," we will look to any other basis of the standing which the district attorney alleges to have.

"The question of standing is rooted in the notion that for a party to maintain a challenge to an official order or action he must be aggrieved in that his rights have been invaded or infringed . . . to have standing a party must (a) have a substantial interest in the subject matter of the litigation; (b) the interest must be direct; and (c) the interest must be immediate and not a remote consequence." *Franklin Township v. Commonwealth Department of Environmental Resources*, 499 Pa. 162, 166, 452 A.2d 718, 719 (1982).

In *Wm. Penn Parking Garage v. City of Pitts-*

*burgh*, 464 Pa. 168, 346 A.2d 269 (1975), Justice Roberts elaborated the precepts of standing:

"The core concept of course, is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge. In particular, it is not sufficient for the person claiming to be 'aggrieved' to assert the common interests of all citizens in procuring obedience in law.

"It is the latter principal which lies behind the traditional formulation's requirement that the would be 'aggrieved' party must have an interest which is 'pecuniary' and 'substantial.'

"Thus the requirement of a 'substantial' interest simply means that the individual's interest must have substance — there must be some discernable adverse effect to some interest other than an abstract interest of all citizens in having others comply with the law . . ."

While we can understand the concern shown by the district attorney in having this matter brought before the court, we do not believe that he has standing to prosecute the matter. In essence, he is not an "aggrieved party" in any legally cognizable way. We note, moreover, that decedent was survived by named beneficiaries in her will other than Anne E. Smith. In other words, there are a number of persons who might have standing to bring such a petition for revocation of letters testamentary. They have not yet done so.

Our finding that the district attorney is without standing to maintain this petition, however, does not end the matter. The court is aware that on March 1, 1988 a complaint was filed by the district attorney against Anna E. Smith and another sister, charging each of them with the criminal homicide

of Cassandra K. Life, decedent. Section 3183 of the Probate, Estates and Fiduciaries Code provides, inter alia:

"The court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall, order the personal representative to appear and show cause why he should not be removed. . ."

We believe that it is prima facie inappropriate for a person charged with a criminal homicide of another to continue to act as personal representative of that deceased person's estate. We note that by order of this court dated December 11, 1987, the executrix was prohibited from disposing of any of the assets of the estate of Cassandra K. Life, and that pursuant to a stipulation of counsel on January 19, 1988, the executrix was permitted to sell certain property of the estate provided that the funds were deposited in a manner approved by the court.

While we will not summarily remove the executrix, we will exercise the powers granted to us by Section 3183 of the Probate, Estates and Fiduciaries Code. Accordingly, we enter the following

## ORDER

And now, this March 18, 1988, we sustain the objections raised by Anna E. Smith to the standing of the district attorney of York County to maintain the petition for her removal as executrix. In accordance with the powers granted to the court by section 3183 of the Probate, Estates and Fiduciaries Code, we schedule a hearing for March 30, 1988 at 3:00 p.m. in courtroom no. 3 of the York County Court House at which time Anne E. Smith is directed to appear and to show cause why the letters testamentary granted to her in the estate of Cassandra Kahler Life should not be revoked.